UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

|   |   |   |
|---|---|---|
| In Re: | ) | |
| | ) | |
| **ERIC DAWSON**, | ) | Chapter 13 |
| | ) | Case No. 17-20349 |
| Debtor. | ) | |
| | ) | |

### ORDER DENYING MOTION TO COMPEL TURNOVER OF
### PASSPORT AND REQUEST FOR SANCTIONS

By his Motion to Compel Turnover of Passport and Request for Sanctions (Docket Entry ("D.E.") 12) (the "Motion"), Eric Dawson (the "Debtor") seeks an order compelling Maine Department of Health and Human Services ("ME DHHS") to release his passport, which was revoked, limited or restricted pre-petition pursuant to 42 U.S.C. § 652(k) and 22 C.F.R. § 51.60(a)(2) after the Debtor accrued more than $16,000 in unpaid child support.[1]  The Motion further seeks an award of sanctions against ME DHHS in the amount of $350.00, representing the attorney fees incurred by the Debtor in filing and prosecuting the Motion. While the title of the Motion, the prayer for relief and the proposed order all indicate that the Debtor is moving for an order compelling turnover of property under 11 U.S.C. § 542, the body of the motion asserts that ME DHHS is in violation of 11 U.S.C. § 362(a)(1), (3) and/or (6).  Regardless of whether the Debtor is moving under 11 U.S.C. § 362 or 11 U.S.C. § 542, however, the Motion must be DENIED as the Debtor fails to state a basis for relief.

---

[1] The present issue before the Court arose because, as the Debtor succinctly put it in his Motion, he "needs his passport to attend a family wedding in South America in September."  In response to the Court's questions during the August 23, 2017 hearing, the Debtor subsequently filed a status report (D.E. 23) which informs that the "family wedding" is actually the wedding of the Debtor's present girlfriend's niece which will take place in Portugal on September 30, 2017.  Putting aside that all weddings are, in some aspect or another, "family" ceremonies, this particular wedding is not an event involving the Debtor's family and while the outcome of this issue does not depend upon whose wedding it is, Counsel for the Debtor is advised to use care in his drafting so as to avoid misleading the other parties and the Court.

To the extent the Debtor seeks a turnover order pursuant to 11 U.S.C. § 542, the Motion is problematic for two reasons.  First, ME DHHS is not in possession of the Debtor's passport. At the August 23, 2017 hearing, counsel for ME DHHS explained that unpaid child support exceeding $2,500 is automatically reported to United States Department of Health and Human Services ("US DHHS") which, in turn, certifies the unpaid child support to the United States Department of State (the "State Department").  The State Department then decides whether or not to exercise its authority, as delegated by the United States Secretary of State (the "Secretary of State") under 22 U.S.C. § 211a, 42 U.S.C. § 542(k) and 22 C.F.R. § 51.60(a)(2), to revoke, restrict or limit the passport of the individual owing the unpaid child support.[2]  This explanation—which Debtor's counsel did not challenge—is consistent with the plain language of applicable statutes and regulations. While the State Department bases its decision on the information provided by ME DHHS, any action to revoke, limit or restrict the passport is taken by the State Department.  ME DHHS does not, at any time, have possession of, or power or control over, an individual's passport.

Second, the passport is not "property that the trustee may use, sell, or lease under [11 U.S.C. § 363], or that the debtor may exempt under [11 U.S.C. § 522]."  11 U.S.C. § 542(a). "A passport at all times remains the property of the United States and must be returned to the U.S. Government upon demand."  22 C.F.R. § 51.7(a).  *Cf.* United States v. Abdul-Ganiu, 480 Fed. Appx. 128, 133 (3d Cir. 2012); United States v. Mowatt, 2017 WL 2719357, at *4 (D. Md. June 23, 2017); United States v. Banks, 372 Fed. Appx. 237, 241-242 (3d Cir. 2010).  Therefore, even if this Court concluded—and it does not—that ME DHHS is in possession of, or has control

---

[2] The Secretary of State is the only official authorized to issue, revoke, limit or restrict passports, or to cause passports to be issued, limited, revoked or restricted by certain specially designated officers.  22 U.S.C. § 211a; 22 C.F.R. § 51.60(a)(2).

2

over, the Debtor's passport, the passport is not property which could be the subject of an order under 11 U.S.C. § 542.

The Debtor also has not articulated grounds for relief to the extent he seeks an order compelling ME DHHS to take affirmative action to cause the Secretary of State to release, or lift any restrictions on, the Debtor's passport. As noted above, the power to issue, revoke, limit or restrict a passport lies solely with the Secretary of State and State Department officials to which he or she may appropriately delegate that authority. Presumably, the only way ME DHHS could facilitate the release of the passport would be to report to the State Department that the unpaid child support due to the Debtor's ex-wife is less than $2,500; a report which, by all accounts, would be untrue.

Finally, this Court fails to see how ME DHHS is in violation of the automatic stay. As noted above, ME DHHS's involvement in this matter ended with its pre-petition report to US DHHS that the Debtor owes more than $2,500 in unpaid child support. Debtor's counsel has not alleged any post-petition acts, or a continuing act, by ME DHHS either resulting in the revocation or limitation of the passport or extending the passport's current status as revoked or restricted.

As this Court finds that ME DHHS has not violated the automatic stay, and is not in possession of property of the estate, sanctions are not appropriate. Accordingly, the Motion is hereby DENIED in its entirety.

Dated:  September 1, 2017                /s/ Peter G. Cary
                                         Judge Peter G. Cary
                                         United States Bankruptcy Court

3